Freddie **BLOUNT**, Barbara Bell, Victor Funchess and Sandra Funchess, Rebecca Glavotella, Justin Spitchely, Leroy Jackson and Eula Jackson, Carolyn Champlin, Arliss McGeehee, Steven Fedt, Frank Jackson, William Crain and Barbara Crain, Gary Ward and Kelly Ward, Cedric Lancaster and Elizabeth Lancaster Plaintiffs

v.

NATIONAL LENDING CORPORATION, INC., WMC Mortgage Corporation, Westmark Mortgage Corporation, First Union Mortgage Corporation, Chase Manhattan Mortgage Corporation, New South Credit Corporation, Mid–South Financial Services, Inc., Magnolia State Mortgage, Inc., Realty Mortgage Company, Pinnacle Mortgage Corporation, First MS Capital Corporation, Bridges Mortgage Corporation, Inc., Lake Financial Services, Inc., Executive Mortgage, Inc. and Equity Plus, Inc. Defendants

No. CIV. A. 3:00CV266BN.

United States District Court, S.D. Mississippi, Jackson Division.

July 20, 2000.

Charles E. Gibson, III, Jackson, MS, Ronald H. Pierce, Pearl, MS, for Fredie Blount, Barbara Bell, Victor Funchess, Sandra Funchess, Rebecca Glavotella, Justin Spitchley, Leroy Jackson, Eula Jackson, Carolyn Champlin, Arliss McGeehee, Steven Fedt, Frank Jackson, William Crain, Barbara Crain, Gary Ward, Kelly Ward, Cedric Lancaster, Elizabeth Lancaster.

William H. Leech, Beth L. Orlansky, McGlinchey Stafford, Jackson, MS, for WMC Mortg. Corp., Chase Manhattan Mortg. Co.

H. Mitchell Cowan, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, William Davis Frye, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for First Union Mortg. Corp.

Tommy E. Furby, Brandon, MS, for New South Credit Corp.

Dudley H. Carter, Carter & Davidson, Columbus, MS, for Magnolia State Mortg., Inc.

G. Todd Burwell, William L. Latham, Latham & Burwell, PLLC, Jackson, MS, for Realty Mortg. Corp., Bridges Mortg. Corp., Inc., Lake Financial Services, Inc.

Vann Fredric Leonard, Jackson, MS, for First MS Capital Corp.

James A. Stewart, Andy Stewart and Associates, Brandon, MS, William Matthew Vines, Page, Kruger, & Holland, P.A., Ridgeland, MS, for Executive Mortg., Inc.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on four Motions of Defendant WMC Mortgage Corporation ("WMC") to Compel Arbitration and to Stay Proceedings Pending Arbitration. WMC has filed four essentially identical motions to compel arbitration, one against each of Plaintiffs Freddie Blount, Barbara Bell, Victor and Sandra Funchess (collectively "Funchesses") and Rebecca Glavotella. After considering the motions and Plaintiffs' combined response, the Court finds that the Motions to Compel Arbitration and Stay Proceedings Pending Arbitration are well taken and should be granted.

### I. Background

In 1999, Plaintiffs each obtained residential mortgage loans from WMC through local mortgage brokers: Defendant New South Credit Corporation was Blount's broker, Defendant Mid–South Financial Services, Inc. was Bell's broker, Defendant Magnolia State Mortgage Company was the Funchesses' broker and Defendant Realty Mortgage Company was Glavotella's broker.[1] These Plaintiffs allege that, in connection with the settlement of each their loans, WMC paid the mortgage broker a "yield spread premium," allegedly a form of kickback, in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Plaintiffs seek damages in the amount of three times the amount of the kickback, which is alleged to have been $1,105.00 in Blount's case, $1,020.00 in Bell's case, $884.00 in the Funchesses' case and $2,520.00 in Glavotella's case. Plaintiffs also seek costs and attorneys' fees under the RESPA. The complaint also contains a vague allegation that Defendants violated state law and a request for punitive damages.

At the time their loan was settled, each of the Plaintiffs signed an "Agreement for the Arbitration of Disputes."[2] Each arbitration agreement is identical to the ones signed by the other Plaintiffs. The arbitration agreement provides that, when a dispute "arising out of or in any way related to the loan" arises, either party has the option to have the dispute settled by arbitration. Pursuant to that agreement, WMC has moved to compel Plaintiffs to arbitrate their claims and to stay all further proceedings before this Court in this matter pending the outcome of the arbitration. Defendants New South Credit Corporation and Realty Mortgage Company have joined in the Motion to Compel Arbitration.

### II. Discussion

Section 2 of the Federal Arbitration Act states that "[a] written provision in

---

1. The other Plaintiffs in this case obtained residential mortgage loans from one of the other lender Defendants which were brokered by one of the broker Defendants.

2. In the case of the Funchesses, only Victor Funchess signed the "Agreement for the Arbitration of Disputes," but both of the Funchesses signed the "Arbitration Rider" which incorporated by reference the "Agreement for the Arbitration of Disputes."

... a contract or transaction ... to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The United States Supreme Court has stated that "the Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

■ On a motion to compel arbitration, the Court must compel arbitration of the dispute in question as long as (1) the dispute involves a "controversy ... arising out of" the contract which contains the arbitration clause, that is, when there is an "arbitrable claim" and (2) no rule of contract law (looking to state law) makes the contract, or the arbitration clause, unenforceable. *See* 9 U.S.C. § 2.

■ First, the district court is required to compel arbitration only if the claims in question are in fact "arbitrable claims." *See id.* All doubts as to the arbitrability of a given dispute should be resolved in favor of arbitration. *Harvey v. Joyce,* 199 F.3d 790, 793 (5th Cir.2000). At the settlement of their mortgage, Plaintiffs signed an "Agreement for the Arbitration of Disputes" whereby they agreed "that any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration ...." The agreement defines a dispute as "any claim or controversy of any nature whatsoever arising out of or in any way related to the loan; the arranging of the loan, ...; the funding of the loan; the terms of the loan; any loan documents; ... or any other aspect of the loan transaction." The United States Court of Appeals for the Fifth Circuit has held that such language is to be read very broadly. *See Pennzoil Exploration v.*

*Ramco Energy, Ltd.,* 139 F.3d 1061, 1067 (5th Cir.1998)(characterizing similar language as "capable of expansive reach"); *Nauru Phosphate Royalties v. Drago Daic Interests,* 138 F.3d 160, 165 (5th Cir.1998), *cert. denied* 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998)("when parties include such a broad arbitration clause, they intend the clause to reach all aspects of the relationship"). Clearly, Plaintiffs' claims that WMC and their mortgage brokers violated the RESPA in the settlement of Plaintiffs' mortgage loans are arbitrable claims.

■ The second step in the Court's analysis is to determine whether some rule of state contract law operates to make the arbitration clause unenforceable. Plaintiffs' argue that the arbitration agreements in this case were procedurally unconscionable. Plaintiffs may prove procedural unconscionability if they prove "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." *Id.* Procedural unconscionability is "most strongly shown in contracts of adhesion presented to a party on a 'take it or leave it basis.'" *Id.*

Plaintiffs contend that the arbitration agreement in this case is procedurally unconscionable because they lacked knowledge of it, they did not voluntarily enter into it, it was inconspicuous because it was "hidden in a large stack of documents unfamiliar to Plaintiffs," and they had no opportunity to study the agreement. They argue that they were presented with the agreement on a "take it or leave it basis."

■ The Court finds that the agreement is not procedurally unconscionable. Despite Plaintiffs' assertions that they had no knowledge of the agreement and that the agreement was inconspicuous, the Court notes that the agreement was contained in a document separate and distinct from all

the other loan documents. It was signed by each Plaintiff separately from all the other closing documents. Moreover, directly above Plaintiffs' signatures on the agreement is a warning stating that "by signing below you acknowledge that you have read and understood this agreement and that you agree to all of its terms. You also acknowledge that you have received a copy of this agreement." Finally, although under Mississippi law procedural unconscionability is most likely to be found in a contract of adhesion, Plaintiffs do not contend that, at the time they entered into the agreement, they were under such "timing or other pressures" as to have been prevented from "contract[ing] with another party on more favorable terms or … refrain[ing] from contracting at all." *Entergy Mississippi, Inc. v. Burdette Gin Co.,* 726 So.2d 1202, 1207 (Miss.1998)(quoting *Bank of Indiana, Nat'l Ass'n v. Holyfield,* 476 F.Supp. 104, 109–10 (S.D.Miss.1979)). For these reasons, the Court finds no procedural unconscionability in the arbitration agreement.

Because Plaintiffs' claim is a statutory one, there is one final issue for the Court to consider. In *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the United States Supreme Court held that an agreement to arbitrate a federal statutory claim may be enforced so long as the arbitral forum allows the plaintiff to effectively vindicate his statutory cause of action. *Id.* at 28, 111 S.Ct. 1647. The Courts of Appeals have interpreted *Gilmer* as requiring that the arbitral forum provide "an adequate substitute for a judicial forum in protecting the particular statutory right at issue." *Williams v. Cigna Financial Advisors, Inc.,* 197 F.3d 752, 763 (5th Cir.1999).

For example, in *Williams,* the United States Court of Appeals for the Fifth Circuit held an arbitration agreement enforceable to require the plaintiff to arbitrate his claim under the Age Discrimination in Employment Act. *Id.* at 765. The court held that the arbitrators' requirement that the plaintiff pay half of the arbitration fees did not prevent the plaintiff from vindicating his claim and that the prospect of incurring such fees had not "hampered or discouraged" the plaintiff in prosecuting his claim. *Id.* at 764–65.

In contrast, the Eleventh Circuit, in *Randolph v. Green Tree Financial Corp.-Alabama,* 178 F.3d 1149 (11th Cir.1999), held an arbitration agreement unenforceable to require the plaintiff to arbitrate his claim under the Truth in Lending Act ("TILA"). *Id.* at 1159. The court held that the costs of arbitration, including arbitrator's fees and filing fees, were prohibitive in relation to the small amount that the plaintiff was likely to be entitled to recover under the TILA. *Id.* at 1158.

Plaintiffs contend that they will not be able to effectively vindicate their RESPA claims in arbitration for the following reasons: (1) the arbitration agreement requires Plaintiffs to bear their own costs and attorneys' fees, while the RESPA provides for an award of costs and attorneys' fees to the prevailing party; (2) the AAA rules impose a substantial financial burden on Plaintiff in the form of mandatory filing fees and other types of fees which may be in excess of any award to which they may be entitled under the RESPA; and (3) the arbitration agreement does not dictate how the arbitrators' fees are to be divided, again leaving Plaintiffs subject to a financial burden in excess of their potential award.

■ The arbitration agreement in this case states that all arbitrations held pursuant to the terms of the agreement are to be administered by the American Arbitration Association ("AAA") and according to its Commercial Arbitration Rules. The agreement does state that each party is to bear its own costs and expenses, including attorneys' fees. However, the Court does not find that this is a barrier to Plaintiffs' vindicating their claim because, contrary to their assertion, the RESPA does not *entitle* them to costs and attorneys' fees, but only states that the Court *may* award

costs and fees to the prevailing party. 12 U.S.C. § 2607(d)(5). Also contrary to Plaintiffs' assertion, the AAA rules state that filing fees may be deferred in the case of extreme hardship and that the arbitrator may assess fees and expenses in such amounts as the arbitrator determines is appropriate. In a case where, as here, the statutory award that is available is relatively small, it would certainly be appropriate not to saddle Plaintiffs with fees and costs in excess of their entitlement under the statute. One additional factor, which Plaintiffs have ignored, is that in addition to their statutory claim under federal law, they have alleged a state law fraud claim and seek punitive damages. Therefore, the Court finds that Plaintiffs stand to recover more than the amount they allege they are entitled to under the RESPA.

For these reasons, the Court grants the Motion of Defendant WMC to Compel Arbitration and Stay Proceedings Pending Arbitration. Plaintiffs shall submit their claim against WMC to arbitration.

■ Defendants New South Credit Corporation and Realty Mortgage Corporation have joined in the Motions of WMC to compel arbitration. Although the mortgage brokers were not parties to the arbitration agreements between WMC and Plaintiffs, The Fifth Circuit recently held that equitable estoppel may apply in certain circumstances to allow a non-party, or non-signatory, to enforce an arbitration agreement. *Grigson v. Creative Artists Agency,* 210 F.3d 524, 527 (5th Cir.2000). One such circumstance is when the plaintiff " 'raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract.' " *Id.* (quoting *MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir.1999)). Clearly, Plaintiffs' claims that WMC paid an illegal kickback to the mortgage brokers in relation to Plaintiffs' mortgage closings are "allegation[s] of substantially interdependent and concerted misconduct" sufficient to allow New South and Realty Mortgage to join in the Motion of WMC to Compel Arbitration and Stay Proceedings. Accordingly, the Joinders of New South and Realty Mortgage, to the extent they seek to have Blount and Glavotella submit their claims against the mortgage brokers to arbitration, are granted.

One final matter which the Court must address is Plaintiffs' motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for a stay of the Court's ruling on the Motions to Compel Arbitration. Plaintiffs assert that the Motions to Compel Arbitration are tantamount to motions for summary judgment and that further discovery is needed. However, the Court has not addressed the merits of Plaintiffs' claims nor dismissed them.

However, despite this, the Court has considered the Rule 56(f) motion and finds that it is not well taken. Plaintiffs seek additional discovery asserting that "[o]n information and belief Plaintiffs believe that WMC Mortgage Corporation is a repeat customer of AAA," which Plaintiffs contend creates an inherent bias toward WMC. The Court finds no reason to question the impartiality of a national arbitration organization such as AAA simply because the WMC has used the services of AAA in the past and has had to pay for those services. Plaintiffs also contend that the use by WMC of "approved" attorneys for their loan closings provided Plaintiffs inadequate representation at their loan closing. The Court finds this irrelevant to the issue of whether Plaintiffs should be compelled to arbitrate their claim. For these reasons, the Court finds that the additional discovery Plaintiffs' seek to obtain would not alter the Court's conclusion on the Motion to Compel Arbitration, and Plaintiffs' Rule 56(f) motion to stay a ruling on the Motion to Compel Arbitration is hereby denied.

### III. Conclusion

For all the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant WMC Mortgage

Corporation to Compel Arbitration and to Stay Proceedings Pending Arbitration is granted to the extent that Plaintiffs Blount, Bell, Glavotella, and Victor and Sandra Funchess are ordered to submit their claims against WMC to binding arbitration.

IT IS THEREFORE FURTHER ORDERED that Blount and Glavotella are also required to submit their claims against their respective mortgage brokers to arbitration. No other claims are affected by this Order.

IT IS THEREFORE FURTHER ORDERED that Plaintiffs' Motion to Stay Ruling on Defendant WMC Mortgage Corporation's Motion to Compel Pending Discovery Regarding Arbitration is hereby denied.

The claims pending before this Court by all named Plaintiffs other than Freddie Blount, Victor and Sandra Funchess, Barbara Bell and Rebecca Glavotella are not affected by this Opinion and Order.